UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT EMANUEL WILKINS, JR., <br><br> Petitioner, <br><br> v. <br><br> STATE OF IDAHO, <br><br> Respondent. | Case No. 1:23-cv-00446-CWD <br><br> **INITIAL REVIEW ORDER** |

Petitioner Robert Emanuel Wilkins, Jr., is a pretrial detainee presently detained in the Ada County Jail. Petitioner has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging various decisions of the District Court for the Fourth Judicial District, Ada County, Idaho. (*See* Dkt. 1.)

In its discretion, the Court may apply the Rules Governing Section 2254 Cases ("Habeas Rules") to habeas petitions filed pursuant to § 2241. *See* Habeas Rule 1(b). Therefore, the Court now reviews the Petition to determine whether it is subject to summary dismissal under Habeas Rule 4, which permits dismissal of a habeas petition if "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

## REVIEW OF PETITION

Title 28 U.S.C. § 2241 gives federal courts jurisdiction to issue pretrial writs of habeas corpus to state criminal defendants in appropriate cases. *Braden v. 30th Judicial*

*Circuit Court of Kentucky*, 410 U.S. 484, 489-93 (1973). A pre-requisite to bringing a federal habeas corpus petition under 28 U.S.C. § 2241 is exhausting one's federal claims in state court. *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980).

The exhaustion doctrine requires that a petitioner give the state courts, through the designated appellate process, "a full and fair opportunity to resolve federal constitutional claims" before bringing those claims to federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (explaining exhaustion in the context of habeas petitions brought pursuant to 28 U.S.C. § 2254). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id*. If the petitioner is not granted relief after exhausting all state court remedies through the highest state court, he may then file a petition for writ of habeas corpus in federal court.

In cases of a pre-conviction habeas petition, the exhaustion requirement serves two purposes. First, it "avoid[s] isolating state courts from federal constitutional issues by assuring those courts an ample opportunity to consider constitutional claims." *Carden*, 626 F.2d at 83. Second, it "prevent[s] federal interference with … state criminal trials." *Id*.

This exhaustion rule has an extremely limited exception with respect to pretrial habeas petitions. A federal district court may issue a pretrial writ under § 2241 without a showing of exhaustion of state remedies "only in the most unusual circumstances"—that is, if a petitioner can show "special circumstances" that particularly warrant federal

INITIAL REVIEW ORDER - 2

intervention. *Id.* at 83-84 (internal quotation marks omitted). For example, special circumstances include "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or cases "where irreparable injury can be shown." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971).

The federal courts are not permitted to "supervise the administration of state criminal proceedings at every interlocutory stage." *New York ex rel. Epps v. Nenna*, 214 F. Supp. 102, 105 (S.D.N.Y. 1963). If they were, such supervision "would erase the exhaustion principle from among the canons of habeas corpus adjudication." *Id.* Though alleged constitutional violations are of utmost concern to the federal district courts, the state courts must be given the first opportunity to correct constitutional violations, so as to preserve the principles of comity and federalism. If a defendant is seeking to "derail a pending state criminal proceeding, and ... may be acquitted at trial," it is appropriate for a federal district court to postpone adjudication of the petitioner's constitutional claims "until a time when federal jurisdiction will not seriously disrupt state judicial processes." *Neville v. Cavanagh*, 611 F.2d 673, 676 (7th Cir. 1979) (internal quotation marks omitted).

Petitioner has not exhausted his claims in state court, and the Petition does not establish the type of special circumstances necessary to excuse Petitioner from complying with the exhaustion requirement. (*See* Dkt. 1.) Within 28 days after entry of this Order, Petitioner may attempt to show such circumstances by filing an amended petition.

Plaintiff should be aware that the amended petition must name an appropriate respondent—in this case, the Ada County prosecutor. *See Dunlap v. 230th*

INITIAL REVIEW ORDER - 3

*Dist. Court, Harris Cty., Houston, Tex.*, 701 F. Supp. 752, 752–53 (D. Nev. 1988) ("[T]he petitioner must name the District Attorney of Harris County as respondent. It is he who has placed the allegedly illegal detainer on the petitioner, and it is his actions which give this Court jurisdiction over the Texas agency.").

## ORDER

**IT IS ORDERED:**

1. Within 28 days after entry of this Order, Petitioner may file an amended petition, naming an appropriate respondent and setting forth the reasons why Petitioner believes this case is not subject to dismissal.

2. If Petitioner does not file an amended petition, or if the amendment does not establish special circumstances sufficient to excuse exhaustion and warrant a pretrial writ, this case may be reassigned to a district judge for consideration of dismissal.

DATED: January 12, 2024

_____
Honorable Candy W. Dale
U.S. Magistrate Judge